**KINGSLEY & KINGSLEY, APC**
Eric B. Kingsley, Esq. SBN-185123
eric@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
(818) 990-8300, Fax (818) 990-2903

**DAVID, KAMP & FRANK, L.L.C.**
Joshua M. David, Esq.
Nicholas A. Nunes, Esq.
739 Thimble Shoals Bl., Suite 105
Newport News, VA 23606
(757) 595-4500; Fax (757) 595-6723
*Seeking Admission Pro Hac Vice*

**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SELBE, DANIEL GHYCZY, MAKAELA O'CONNELL, and ANNIYA LOUIS on behalf of themselves and others similarly situated,<br><br>    Plaintiffs<br><br>    v.<br><br>PEAK CAMPUS MANAGEMENT, LLC,<br><br>    Defendants. | **CASE NO.**  3:14-cv-3238<br><br>**FLSA COLLECTIVE ACTION CLASS ACTION COMPLAINT**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.***<br>2. **California Minimum Wage and Wage Credit Provisions CA Wage Order 5; Labor Code §§ 1182.12, 1182.13, 1194, 1194.2 & 1194.5**<br>3. **California Waiting Period Penalties Labor Code §§ 201-203**<br>4. **California Record Keeping Provisions CA Wage Order 5 & Labor Code § 226**<br>5. **California Unfair Competition Law, B&P Code §17200**<br><br>**DEMAND FOR JURY TRIAL** |

Upon information and belief, comes now plaintiffs, NICHOLAS SELBE, DANIEL GHYCZY, MAKAELA O'CONNELL, and ANNIYA LOUIS on behalf of themselves and others similarly situated, and allege as follows:

## INTRODUCTION AND CERTAIN DEFINITIONS

1.      This is an action for violation of federal and state wage and hour laws by and on behalf of former and current employees of Defendant, referred to below as "Covered Employees."  The Covered Employees include NICHOLAS SELBE, DANIEL   GHYCZY,   MAKAELA   O'CONNELL,   and   ANNIYA   LOUIS ("Plaintiffs").

2.      Pursuant to a common decision, policy and plan, Covered Employees have been subject to an unlawful wage scheme by which Defendant requires the Covered Employees, as a condition of employment, to reside in a building managed by Defendant, which residency is primarily for the benefit and convenience of Defendant, and Defendant (a) takes unlawful wage credits and/or deductions related to the required residency and/or the alleged costs related to the required residency, (b) unlawfully passes costs and/or expenses related to the required residency, which are properly business costs of Defendant, to the Covered Employees, (c) unlawfully requires the Covered Employees to kick-back some, all, and in some cases, more than the cash wages paid to those employees for costs and/or expenses related to the required residency, and (d) unlawfully fails to credit and ultimately pay those employees the minimum wage required by applicable law ("Minimum Wage") for all time worked in each workweek.  This decision, policy and plan is sometimes referred to herein as the "Work for Rent Scheme."

3.      In this pleading, the term "Covered Employees" means all persons who have been, are, or in the future will be employed by Defendant in any job referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included):

1

a.      All-Star;

b.      Community Advisor;

c.      Community Advisor/All-Star;

d.      Leasing All-Star;

e.      Work for Rent Leasing All-Star;

f.      Any combination of the foregoing;

and who were employed during the statute of limitations period for the applicable claim for relief, including time during which the statute of limitation was or may have been tolled or suspended.  The above job positions are referred to herein as "Covered Positions" and also as "All-Stars."

4.      The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasions.  Plaintiffs reserve all rights to plead in the alternative.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction under 28 U.S.C. §1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the state law claims, presently brought under the laws of California, but possibly to also be brought under the laws of other states, as may be revealed in discovery. The state law claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District as Defendant manages student apartment communities in this District at which Defendant employs Covered Employees.  Venue is proper in this District also because there is personal jurisdiction in this District over Defendant.  Presently and at all times, Defendant has conducted substantial, continuous and systematic commercial

2

1    activities in this District.

2                                   **PARTIES**

3         7.    Defendant is a Georgia limited liability company with its headquarters

4    in Atlanta, Georgia.  Defendant manages apartment communities that are marketed

5    to and intended primarily for college and university students.   According to its

6    website, Defendant manages properties in twenty-three (23) states, including

7    California.

8         8.    Plaintiff NICHOLAS SELBE is a California resident who was

9    employed by Defendant at University Gateway Apartments in Los Angeles,

10   California from approximately December 2012 until May 2014 as an All-Star.

11   NICOLAS SELBE was subjected to the Work for Rent Scheme and, as a result was

12   not paid Minimum Wage for all hours worked as required by federal and/or state

13   law and suffered other and additional damages.

14        9.    Plaintiff DANIEL GHYCZY is a California resident who was

15   employed by Defendant at University Gateway Apartments in Los Angeles,

16   California from approximately April 2012 until approximately April 2013 as an

17   All-Star. DANIEL GHYCZY was subjected to the Work for Rent Scheme and, as a

18   result was not paid Minimum Wage for all hours worked as required by federal

19   and/or state law and suffered other and additional damages.

20        10.   Plaintiff MAKAELA O'CONNELL is a California resident who was

21   employed by Defendant at University Gateway Apartments in Los Angeles,

22   California from approximately January 2013 until approximately December 2013 as

23   an All-Star.   MAKAELA O'CONNELL was subjected to the Work for Rent

24   Scheme and, as a result was not paid Minimum Wage for all hours worked as

25   required by federal and/or state law and suffered other and additional damages.

26        11.   Plaintiff ANNIYA LOUIS is a California resident who was employed

27   by Defendant at University Gateway Apartments in Los Angeles, California from

28   approximately November 2012 until approximately December 2012 as an All-Star.

1   ANNIYA LOUIS was subjected to the Work for Rent Scheme and, as a result was
2   not paid Minimum Wage for all hours worked as required by federal and/or state
3   law and suffered other and additional damages.

### FACTS

5       12.    Defendant manages apartment properties marketed to and primarily for
6   college and university students in approximately twenty-three (23) states, including
7   California.

8       13.    At the properties managed by Defendant, Defendant employs
9   individuals, who are typically college and university students, in positions known
10  as "All-Stars."

11      14.    In addition to performing leasing and/or other clerical work, All-Stars
12  also fill a role similar to a "resident advisor" at a college or university.  In this role,
13  All-Stars are expected to establish a presence in their communities, build and
14  maintain relationships with current residents, market the property to future
15  residents, advise residents and answer their questions, plan and execute parties,
16  events, and competitions for residents, and perform other duties in furtherance of
17  Defendant's business interests.

18      15.    All-Stars are required to work a set number of hours per week,
19  typically twenty (20) hours (the "Required Hours").

20      16.    As a condition of employment, All-Stars are required to live on-site in
21  a property managed by Defendant (the "Residency Requirement").

22      17.    Upon information and belief, generally, Defendant, as agent for the
23  owner of the applicable property, leases the residential communities it manages on
24  a per bedroom basis, meaning each lease is for a single bedroom (sometimes
25  occupied alone and sometimes shared), sometimes called an "Exclusive Bed
26  Space," not an entire apartment.

27      18.    As a part of the Residency Requirement, All-Stars are required to have
28  a signed lease on file with Defendant, contractually obligating the All-Stars to the

lodging mandated by the Residency Requirement.

19.     Compliance with the Residency Requirement and signing a lease for lodging is a condition of employment as an All-Star.

20.     In exchange for All-Stars working the Required Hours, All-Stars are generally not required to remit payment for the lodging mandated by the Residency Requirement.

21.     Upon information and belief, Defendant claims to provide the lodging mandated by the Residency Requirement to each All-Star in exchange for the All-Star working the Required Hours.

22.     To the extent Defendant claims or may claim the lodging constitutes wages, Defendant values this lodging at the market rent for the applicable bedroom.

23.     Defendant sometimes calls the practice of All-Stars working the Required Hours solely in exchange for lodging "work for rent" or with other similar phrases.

24.     When All-Stars are unable or fail to work the Required Hours, All-Stars are required to "make up" those hours during a different workweek or remit payment to Defendant in order to make up the difference to pay the full market rent of the mandated lodging.

25.     As a result of this system of providing only lodging in exchange for the Required Hours, All-Stars do not receive any cash wages for working the Required Hours.

26.     Based upon information and belief, despite claiming a credit against wages for lodging, Defendant either does not issue paystubs at all or, when pay stubs are issued, no wages are indicated on account of the lodging.

27.     Additionally, based upon information and belief, Defendant does not report any amount on account of the lodging as wages or income to the applicable federal, state, and local taxing authorities or to the Social Security Administration.

///

**CLASS ACTION COMPLAINT**

28.     Based upon information and belief, Defendant has issued hundreds if not thousands of IRS Form W-2's indicating that the lodging provided does not constitute wages or income to All-Stars.

29.     Based upon information and belief, Defendant has signed and/or submitted IRS Form W-3's under penalties of perjury indicating that the lodging does not constitute wages or income to All-Stars.

30.     All-Stars are not given the option of receiving cash wages as opposed to being "paid" with lodging.  Accordingly, All-Stars' acceptance of the lodging in lieu of cash wages is not voluntary and uncoerced, but rather, is involuntary and compelled by Defendant.  The compulsion is inherent to the All-Star position because the Residency Requirement cannot be separated from the position.

31.     All-Stars are required to maintain on-site lodging primarily for the benefit and convenience of Defendant as such lodging accomplishes at least the following:  (a) ensures that the All-Stars are on-site, which facilitates performing the All-Star job duties, including being available at all times to respond to incidents and emergencies; (b) provides labor to Defendant at reduced or no cost; (c) assists in recruitment of All-Stars to "work for rent" as All-Stars would be unable to pay their full rent if they were paid with cash wages from which taxes were withheld; (d) avoids payment of Defendant's share of payroll taxes; (e) allows Defendant to exert control over All-Stars not only as employees but also as tenants; and (f) obligates the All-Star to the position and payment scheme by requiring the All-Star sign a lease.

32.     As a result of the foregoing, pursuant to the FLSA, Defendant is not entitled to take a credit toward the payment of Minimum Wages on account of providing the lodging.

33.     Alternatively, if Defendant is entitled to any credit towards wages on account of the lodging, the credit is limited, for purposes of the FLSA, to the actual cost to Defendant of the lodging, not the market rent associated with the lodging.

34. Additionally, pursuant to Cal. Wage Order No. 5, lodging may not be credited against Minimum Wages without a voluntary written agreement between the employer and the employee.

35. Based upon information and belief and because any agreement regarding lodging is not voluntary and/or lacks essential terms, no such voluntary written agreements exist between Defendant and the All-Stars.

36. Even if written agreements existed as required by Cal. Wage Order No. 5, said Wage Order, effective from January 1, 2008 through June 30, 2014, limits the amount of any credit for lodging to $37.63 per week for a room occupied alone and $31.06 per week for a room that is shared. Beginning on July 1, 2014 and continuing through December 31, 2015, the maximum permissible credits increase to $42.33 and $34.94, respectively, and, beginning on January 1, 2016, to $47.03 and $38.82, respectively.

37. Accordingly, the allowable wage credit, if any, under Cal. Wage Order No. 5 from January 1, 2008 through June 30, 2014 is less than $2.00 per hour based on an average twenty-hour per week workweek, vastly below the Minimum Wage.

38. Upon information and belief, Defendant's managers, under the direction of and with the knowledge and consent of corporate management, systemically violated the law throughout California and the United States, in at least the following respects:

    a) Taking unlawful wage credits and/or deductions related to the required residency and/or the alleged costs related to the Residency Requirement;

    b) Unlawfully passing costs and/or expenses related to the Residency Requirement, which are properly business costs of Defendant, to the Covered Employees;

    c) Unlawfully requiring the Covered Employees to kick-back some, all, and in some cases, more than the cash wages paid to those employees for costs and/or expenses related to the Residency Requirement;

d) Unlawfully failing to credit, and ultimately pay the Covered Employees the Minimum Wage for all time worked in each workweek; and

e) Failing to furnish accurate wage statements to the Covered Employees.

39. Plaintiffs sustained substantial losses from Defendant's failure to pay them Minimum Wages.

40. Upon information and belief, other Covered Employees who worked for Defendant throughout California and elsewhere in the United States were subjected to the same Work for Rent Scheme and related policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendant.

41. Defendant, through its corporate management, deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce labor costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs bring the First Claim for Relief, for violation of the Fair Labor Standards Act ("FLSA"), as a collective action pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), on behalf of all Covered Employees employed by Defendant on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

43. Plaintiffs' Consent to Joint Collective Action to sue under 29 U.S.C. §216 are attached to this Complaint as Exhibit "A."

44. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules that result in Defendant willfully failing and refusing to pay

8

them at the legally required minimum wage for all hours worked.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.  Hereinafter, reference to FLSA Collective Plaintiffs includes Plaintiffs.

45.   The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and contact information are readily available from Defendant, which contact information, if necessary, may be supplemented through publically available sources.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and/or social media using the contact information in the possession of Defendant as supplemented, if necessary, through publically available sources.

## RULE 23 CLASS ALLEGATIONS – CALIFORNIA

46.   Plaintiffs bring the Second, Third, Fourth, and Fifth Claims for Relief, pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all persons who were, are, or will be employed by Defendant in California on or after the date that is four (4) years before the filing of the Complaint in this case (the "Class Period").

47.   The proposed class that Plaintiffs seek to represent is defined as all persons who within four (4) years of the filing of the Complaint have been, are, or in the future will be employed in California by Defendant in any of the "Covered Positions."  All said persons are referred to herein as the "California Class."  The California Class members are readily ascertainable, and their number and identity are determinable from the records of Defendant.  The hours assigned and worked, the positions held, the rates of pay (if any), the wages paid or not paid, and any wage credits claimed by Defendant related to lodging are also determinable from Defendant's records.  For purposes of notice and other purposes related to this

1  action, names and contact information for the California Class members are readily

2  available from Defendant, which contact information, if necessary, may be

3  supplemented through publically available sources.  Notice can be provided by

4  means permissible under FRCP 23.

5        48.    The proposed California Class is so numerous that joinder of all

6  members is impracticable, and the disposition of their claims as a class will benefit

7  the parties and the court.  Although the precise number of such persons is unknown,

8  and the facts on which the calculation of that number are presently within the sole

9  control of Defendant, upon information and belief, there are more than one hundred

10  (100) members of the California Class.

11        49.    Plaintiffs' claims are typical of those claims which could be alleged by

12  any member of the California Class, and the relief sought is typical of the relief

13  which would be sought by each member of the California Class in separate actions.

14  All the California Class members were subject to the same corporate practices of

15  Defendant, as alleged herein, of failing to pay the Minimum Wage and failing to

16  maintain accurate records.  Defendant's company-wide policies and practices

17  affected all California Class members similarly, and Defendant benefitted from the

18  same type of unfair and/or wrongful acts as to each California Class member.

19  Plaintiffs and other California Class members sustained similar losses, injuries and

20  damages arising from the same unlawful policies, practices and procedures.

21  Hereinafter, reference to the California Class includes Plaintiffs.

22        50.    Plaintiffs are able to fairly and adequately protect the interests of the

23  California Class and have no interests antagonistic to the California Class.

24  Plaintiffs are represented by attorneys who are experienced and competent in both

25  class action litigation and employment litigation and have previously represented

26  plaintiffs in wage and hour cases.

27        51.    A class action is superior to other available methods for the fair and

28  efficient adjudication of the controversy particularly in the context of wage and

hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual California Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual California Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual members of the California Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the California Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class wide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

52.   Upon information and belief, Defendant and other employers throughout the state violate the California Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of brining claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or

1   reducing these risks.

2   53.   There are questions of law and fact common to the California Class

3   which predominate over any questions affecting only individual class members,

4   including:

5   a)   What were the policies, practices, programs, procedures,

6   protocols and plans of Defendant regarding payment of wages for all hours

7   worked?

8   b)   What were the policies, practices, programs, procedures,

9   protocols and plans of Defendant regarding payment of the required Minimum

10  Wage?

11  c)   Is Defendant entitled to a wage credit at all for providing

12  lodging?

13  d)   If Defendant is entitled to a wage credit for providing lodging,

14  in what amount?

15  e)   Did Defendant fail to furnish accurate wage statements?

16  **FIRST CLAIM FOR RELIEF**

17  FLSA Minimum Wage

18  29 U.S.C. §§201, *et seq.*

19  54.   Plaintiffs, on behalf of themselves and the other FLSA Collective

20  Plaintiffs, reallege and incorporate by reference all previous paragraphs.

21  55.   Plaintiffs are informed and believe and thereon allege that at all

22  relevant times, Defendant has been, and continues to be, an "employer" engaged in

23  interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all

24  relevant times, Defendant has employed the FLSA Collective Plaintiffs, and

25  continues to employ certain of the FLSA Collective Plaintiffs, as "employee[s]"

26  within the meaning of the FLSA.  At all relevant times, Defendant has had gross

27  operating revenues in excess of $500,000.

28  ///

12

56.    Throughout the statute of limitations period covered by these claims, FLSA Collective Plaintiffs regularly worked their weekly Required Hours receiving in return only lodging (a) that FLSA Collective Plaintiffs were required to accept as a condition of employment; (b) that facilitates the performance of the FLSA Collective Plaintiffs' jobs; (c) that is furnished primarily for the benefit and convenience of Defendant.

57.    At all relevant times, Defendant has had, and continues to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules that constitutes an unlawful wage scheme by which Defendant requires the FLSA Collective Plaintiffs to reside in a building managed by Defendant, and Defendant (a) takes unlawful wage credits and/or deductions related to the Residency Requirement and/or the alleged costs related to the Residency Requirement, (b) unlawfully passes costs and/or expenses related to the Residency Requirement, which are properly business costs of Defendant, to the FLSA Collective Plaintiffs, (c) unlawfully requires the FLSA Collective Plaintiffs to kick-back some, all, and in some cases, more than the cash wages paid to those employees for costs and/or expenses related to the Residency Requirement, and (d) unlawfully fails to credit, and ultimately pay those employees Minimum Wage for all time worked in each workweek.

58.    At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Minimum Wage to the FLSA Collective Plaintiffs and continues to fail to pay Minimum Wage to FLSA Collective Plaintiffs still employed by Defendant.

59.    Because this action arises out of a willful violation of the FLSA, pursuant to 29 U.S.C. § 255(a), the applicable statute of limitations, before accounting for any tolling or suspension of the statute of limitations, is three (3) years.

///

60. In violating the FLSA, Defendant did not act good faith nor have any reasonable grounds for believing that its acts or omissions were not a violation of the FLSA, and, accordingly, the FLSA Collective Plaintiffs are each entitled to liquidated damages as provided by the FLSA.

61. Plaintiffs, on behalf of themselves and the other FLSA Collective Plaintiffs, seeks damages related to Defendant: (a) taking unlawful wage credits and/or deductions related to the Residency Requirement and/or the alleged costs related to the Residency Requirement, (b) unlawfully passing costs and/or expenses related to the Residency Requirement, which are properly business costs of Defendant, to the FLSA Collective Plaintiffs, (c) unlawfully requiring the FLSA Collective Plaintiffs to kick-back some, all, and in some cases, more than the cash wages paid to those employees for costs and/or expenses related to the Residency Requirement, and (d) unlawfully failing to credit, and ultimately pay the FLSA Collective Plaintiffs Minimum Wage for all time worked in each workweek.

62. Plaintiffs, on behalf of themselves and the other FLSA Collective Plaintiffs, additionally seek an amount equal to such damages as liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

California Minimum Wage and Wage Credit Provisions

Cal. Wage Order No. 5; Cal. Labor Code §§ 1182.12,

1182.13, 1194, 1194.2 & 1194.5

63. Plaintiffs, on behalf of themselves and the other members of the California Class, reallege and incorporate by reference all previous paragraphs.

64. It is unlawful under California law for an employer to suffer or permit an employee to work for less than the minimum wage fixed by an order of the Industrial Welfare Commission or by statute.

///

14

65. Due to Defendant's intentional acts, the California Class members were not properly compensated for all hours worked by payment of at least the applicable minimum wage.

66. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Class members have sustained damages, including loss of earnings, in an amount to be established at trial.

67. In failing to pay Minimum Wages, Defendant did not act in good faith nor have any reasonable grounds for believing that its acts or omissions were not in violation of California law, and, accordingly, the California Class members are each entitled to liquidated damages pursuant to Cal. Labor Code § 1194.2 in an amount equal to the wages unlawfully unpaid and interest thereon.

68. Plaintiffs and the other members of the California Class seek damages in the amount of the unpaid Minimum Wage, an equal amount in liquidated damages as provided by state law, prejudgment interest, and costs and attorneys' fees, pursuant to statute, and such other legal and equitable relief as the Court deems just and proper.

## **THIRD CLAIM FOR RELIEF**

California Waiting Period Penalties

Cal. Labor Code §§201-203

69. Plaintiffs, on behalf of themselves and the other members of California Class, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

70. A California employer must compensate an employee that terminates his employment not later than seventy-two (72) hours thereafter.

71. Defendant failed to pay the California Class members whose employment terminated the Minimum Wages due within seventy-two (72) hours of the termination of employment.

///

72.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Class members have sustained damages, including loss of earnings, in an amount to be established at trial.

73.    Plaintiffs and the California Class are entitled to penalties under Labor Code §203 equal to their regular rate of pay for period of thirty (30) days.

### FOURTH CLAIM FOR RELIEF

Failure to Furnish Accurate Wage Statements

Cal. Wage Order No. 5 and Cal. Labor Code §§ 226

74.    Plaintiffs, on behalf of themselves and the California Class, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

75.    Due to Defendant taking unlawful wage credits and/or deductions, Defendant has failed knowingly and intentionally:  (a) to keep accurate information with respect to the total wages paid each payroll period to Plaintiffs and the California Class; and (b) to furnish Plaintiffs and the California Class, semimonthly or at the time of each payment of wages, an accurate itemized statement in writing showing gross wages earned and total hours worked, in violation of Labor Code § 226(a) and Cal. Wage Order No. 5.

76.    Plaintiffs and the California Class are entitled to and seek injunctive relief requiring Defendant to comply with Cal. Labor Code § 226(a) and further seek penalties under Cal. Labor Code §226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty per California Class member of four thousand dollars ($4,000).

///

///

///

**FIFTH CLAIM FOR RELIEF**

California Unfair Competition Law

Cal. Bus. & Prof. Code §17200, *et seq.*

77.     Plaintiffs, on behalf of themselves and the California Class, reallege and incorporate by reference all previous paragraphs.

78.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200 *et seq.* Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

79.     Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has damaged Plaintiffs and the California Class by wrongfully denying their earned wages, and therefore was substantially injurious to Plaintiffs.

80.     Defendant's course of conduct, acts, and practices in violation of California laws constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

81.     The harm to Plaintiffs and the California Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendant's policies or practices and, therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

82.     The unlawful and unfair business practices and acts of Defendant, as described above, has injured Plaintiffs and the California Class in that they were wrongfully denied the payment of earned compensation.

83.     Plaintiffs and the California Class seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and applicable law.

84. Plaintiffs and the California Class seek restitution in the amount of the unpaid Minimum Wage, attorneys' fees, and cost of suit and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all other Covered Employees, prays for relief as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under FLSA;

B. Certification of this action as a collective action brought pursuant to the FLSA §216(b);

C. Designation of Plaintiffs as representative of the FLSA Collective Plaintiffs;

D. Certification of this action as a class action brought pursuant to FRCP Rule 23;

E. Designation of Plaintiffs as representative of the California Class;

F. An injunction against Defendant, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

G. An award of damages, and/or restitution according to proof, including liquidated damages, to be paid by Defendant;

H. Penalties available under applicable law;

I. Costs of this action incurred herein, including expert fees;

J. Attorneys' fees, including fees pursuant to 29 U.S.C. §216 and other applicable statutes;

K. Prejudgment and post-judgment interest, as provided by law; and

///

**CLASS ACTION COMPLAINT**

L.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: July 17, 2014                    KINGSLEY & KINGSLEY, APC

                                        By: _____
                                            ERIC B. KINGSLEY,
                                            ATTORNEY FOR PLAINTIFFS


## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: July 17, 2014                    KINGSLEY & KINGSLEY, APC

                                        By: _____
                                            ERIC B. KINGSLEY,
                                            ATTORNEY FOR PLAINTIFFS

19

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS SELBE,
DANIEL GHYCZY,
MAKAELA O'CONNELL, and
ANNIYA LEWIS on
behalf of themselves and others
similarly situated,

     Plaintiffs,

 v.

PEAK CAMPUS MANAGEMENT,
LLC,

     Defendant.

CASE NO.:

**FLSA COLLECTIVE ACTION
CALIFORNIA CLASS ACTION**

---

## CONSENT TO JOIN COLLECTIVE ACTION

In compliance with 29 U.S.C. § 216(b), I, **NICHOLAS SELBE**, consent to be a party plaintiff to the action filed by Nicholas Selbe, Daniel Ghyczy, Makaela O'Connell, and Anniya Lewis in the United States District Court for the Northern District of California brought on behalf of Nicholas Selbe, Daniel Ghyczy, Makaela O'Connell, Anniya Lewis, and all others similarly situated.

_____
Nicholas Selbe

6/30/14
_____
Date



EXHIBIT "A"

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SELBE,<br>DANIEL GHYCZY,<br>MAKAELA O'CONNELL, and<br>ANNIYA LEWIS on<br>behalf of themselves and others<br>similarly situated,<br><br>           Plaintiffs,<br><br>  v.<br><br><br>PEAK CAMPUS MANAGEMENT,<br>LLC,<br><br>           Defendant. | CASE NO.:<br><br>**FLSA COLLECTIVE ACTION**<br>**CALIFORNIA CLASS ACTION** |

## CONSENT TO JOIN COLLECTIVE ACTION

In compliance with 29 U.S.C. § 216(b), I, **DANIEL GHYCZY**, consent to be a party plaintiff to the action filed by Nicholas Selbe, Daniel Ghyczy, Makaela O'Connell, and Anniya Lewis in the United States District Court for the Northern District of California brought on behalf of Nicholas Selbe, Daniel Ghyczy, Makaela O'Connell, Anniya Lewis, and all others similarly situated.

_____          6/24/2014
Daniel Ghyczy                      Date

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS SELBE,
DANIEL GHYCZY,
MAKAELA O'CONNELL, and
ANNIYA LEWIS on
behalf of themselves and others
similarly situated,

CASE NO.:

**FLSA COLLECTIVE ACTION
CALIFORNIA CLASS ACTION**

           Plaintiffs,

v.

PEAK CAMPUS MANAGEMENT,
LLC,

           Defendant.

---

## CONSENT TO JOIN COLLECTIVE ACTION

In compliance with 29 U.S.C. § 216(b), I, **MAKAELA O'CONNELL**, consent to be a party plaintiff to the action filed by Nicholas Selbe, Daniel Ghyczy, Makaela O'Connell, and Anniya Lewis in the United States District Court for the Northern District of California brought on behalf of Nicholas Selbe, Daniel Ghyczy, Makaela O'Connell, Anniya Lewis, and all others similarly situated.

_Makaela O'Connell_ (signature)
Makaela O'Connell

_06/26/14_
Date

27

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS SELBE,
DANIEL GHYCZY,
MAKAELA O'CONNELL, and
ANNIYA LOUIS on
behalf of themselves and others
similarly situated,

          Plaintiffs,

   v.

PEAK CAMPUS MANAGEMENT,
LLC,

          Defendant.

CASE NO.:

**FLSA COLLECTIVE ACTION
CALIFORNIA CLASS ACTION**

---

## CONSENT TO JOIN COLLECTIVE ACTION

In compliance with 29 U.S.C. § 216(b), I, **ANNIYA LOUIS**, consent to be a party plaintiff to the action filed by Nicholas Selbe, Daniel Ghyczy, Makaela O'Connell, and Anniya Louis in the United States District Court for the Northern District of California brought on behalf of Nicholas Selbe, Daniel Ghyczy, Makaela O'Connell, Anniya Louis, and all others similarly situated.

_____
Anniya Louis

07/01/14
Date