UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SELBE, DANIEL GHYCZY, MAKAELA O'CONNELL, and ANNIYA LOUIS on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEAK CAMPUS MANAGEMENT, LLC,<br><br>Defendant. | Case No.  3:14-cv-3238-MMC<br><br>**CONSENT ORDER CONDITIONALLY CERTIFYING FLSA COLLECTIVE ACTION, APPROVING OPT-IN GROUP, AND APPROVING NOTICE PLAN** |

UPON CONSIDERATION of the Parties' Joint Motion and Stipulation (the "Stipulation") requesting that this Court: (i) conditionally certify this action as a collective action pursuant to § 216(b) of the Fair Labor Standards Act; (ii) approve the "Collective Action Group" (as hereafter defined); and (iii) approve the notice plan to which the Parties have jointly stipulated and agreed; and this Court having jurisdiction to consider the Stipulation and the relief requested therein; and this Court having determined that such relief is in the best interest of the parties in interest to this proceeding, it is hereby ORDERED and DECREED that:

1. The requirements for conditional certification of this action as a "Collective Action" under the FLSA have been met such that Plaintiffs, Nicholas Selbe, Daniel Ghyczy, Makaela O'Connell, and Anniya Louis ("Plaintiffs"), may be similarly situated to the potential members of the opt-in class as defined in paragraph 3 hereof (the "Collective Action Group").

2. Conditional certification is granted without prejudice to the right of Peak Campus Management, LLC ("Defendant") to file a motion to decertify the Collective Action Group, if appropriate, at a later stage in the proceeding.

3. The Collective Action Group shall consist of:

All persons who have been, are, or in the future will be employed by Defendant anywhere in the United States in any job whose title is or was referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles:

    a. All-Star;
    b. Community Assistant;
    c. Community Advisor;
    d. Community Advisor/All-Star;
    e. Leasing All-Star;
    f. Work for Rent Leasing All-Star; or
    g. Any combination of the foregoing

who received lodging, in whole or in part, in exchange for the performance of services and were employed at any time beginning on the date that is three (3) years prior to the date on which mailing of the Notices described in Paragraph 6 begins. Persons who agreed to the submission of their claims to binding arbitration shall be excluded from the Collective Action Group. Defendant believes that approximately 260 persons are subject to arbitration, leaving approximately 609 persons who will be included in the Collective Action Group.

4. Plaintiffs, Nicholas Selbe, Daniel Ghyczy, Makaela O'Connell, and Anniya Louis, are appointed as the collective action group representatives and David, Kamp & Frank, L.L.C. and Kingsley & Kingsley, APC are appointed as counsel for the collective action group (collectively, "Collective Action Counsel"). The Court accepts the stipulation of the parties that Defendant has agreed to waive any and all rights it may have to arbitrate the individual claims of Nicholas Selbe and/or to prevent Nicholas Selbe from acting as a collective action group or class representative in this litigation. Defendant does not have evidence that any other named Plaintiff executed an arbitration agreement with Defendant. Defendant does not waive its right to enforce the arbitration agreement of any other member of the Collective Action Group.

5. To opt-in to this action, Collective Action Group members shall have until midnight P.S.T. on the ninetieth (90th) day from the Notice Period Commencement Date (as defined herein) to have the Consent to Join Collective Action (the "Consent") included in the Notice (as defined herein) postmarked (if sent by U.S. Mail) or delivered (if sent other than by U.S. Mail) to Collective Action Counsel (the "Notice Period"). Collective Action Counsel may

take the necessary steps so that Consents may be completed and submitted by Collective Action Group members online, in which case a handwritten signature will not be required.

6. The Court has reviewed and approves the jointly proposed form of Notice of Opportunity to Join a Lawsuit to Recover Wages, including the Consent, all attached hereto as **Exhibit 1**, (the "Notice").

7. Within seven (7) days after the entry of this Order, Defendant shall provide each Collective Action Group member who is a current employee of Defendant (each a "Current Employee," and collectively, "Current Employees") with a copy of the Notice. Following the delivery of Notices to Current Employees, Collective Action Counsel will make no attempt to provide the Notice to any Current Employee, excepting only in the event that a duplicate Notice is specifically requested by a Current Employee.

8. Within seven (7) days after the entry of this Order, Defendant shall provide The Garden City Group or such other third-party administrator as the parties may agree (the "Administrator") with a Microsoft Excel or Access file containing the full names and all known mailing addresses and email addresses of the members of the Collective Action Group who are not Current Employees (the "Contact Information"). Defendant will use its "Paylocity" and "Real Page" databases to supply the Administrator with what Defendant reasonably determines to be its most accurate contact information for each such Collective Action Group member.

9. The Administrator shall use the Contact Information in an effort to deliver the Notice to each Collective Action Group member (excepting Current Employees) via First Class mail, postage prepaid, and email (subject to having sufficient information to do so). The Administrator may run the mailing addresses through the United States Postal Service National Change of Address database. The date as of which a majority of the Notices have been mailed and emailed is referred to herein as the "Notice Period Commencement Date." The Administrator will inform counsel of the Notice Period Commencement Date.

10. The Administrator will inform counsel for the parties of any Notices that are returned as undeliverable by U.S. Mail or that "bounce back" after being sent by email

(a "Delivery Failure"). Upon being informed of each such Delivery Failure, Defendant will, within two (2) business days, supply the Administrator with the Social Security Number of the affected Collective Action Group member. The Administrator will then run a "trace" for the affected Collective Action Group member using the Social Security Number and attempt delivery of the Notice using any new U.S. Mail or email addresses obtained.

11. Upon each Delivery Failure, Collective Action Counsel is additionally authorized to attempt to contact the Collective Action Group members for which a Delivery Failure is reported using direct private messaging through social media (Facebook, Twitter, Google+, and/or Instragram), provided that if Collective Action Counsel obtains reliable information that a Collective Action Group member received the Notice, Collective Action Counsel shall make no further effort to deliver the Notice through social media. For each Collective Action Group member for which a Delivery Failure is reported, Defendant will provide Collective Action Counsel with the name and location of the property or properties at which the Collective Action Group member worked for Defendant. The social media message sent will be substantially as follows, provided that the message may have to be shortened or altered as the context may require or to meet social media message requirements:

> "I am a paralegal/attorney with David, Kamp & Frank, L.L.C. in Newport News, Virginia, and I am working on a collective action lawsuit filed by former 'All-Stars' against Peak Campus Management. The lawsuit is currently pending in federal court and alleges that Peak Campus Management violated the law in the way it compensated 'All-Stars' (sometimes called Community Assistants or Community Advisors). The lawsuit contends that lodging provided to All-Stars, sometimes referred to as 'free rent,' did not constitute wages under applicable law. The lawsuit asks the court to award each All-Star back wages at the applicable minimum wage, as well as liquidated damages, and the payment of the costs and attorneys' fees related to the action. Peak Campus Management identified you as a current or former All-Star, and we are trying to ensure that you receive a copy of the court-authorized Notice and Opt-in Form so that you have the opportunity to join the lawsuit as a collective action member. The Notice and Opt-in Form are available at http://www.davidkampfrank.com/_____. If you have any questions, please feel free to email me at _____@davidkampfrank.com or to call me at (757) 595-4500. Thank you, _____."

///

12. The Administrator will be instructed to send, after forty-five (45) days of the Notice Period has passed, a reminder notice to all Collective Action Group members (excluding Current Employees who will be provided with a reminder notice by Defendant) by U.S. Mail and email advising of: (a) the impending conclusion of the Notice Period; and (2) how to obtain a duplicate Notice if desired.

13. The parties have agreed that Defendant will pay the fees, costs, and expenses of the Administrator performing the services set forth herein.

14. Nothing in this Order shall preclude or limit Collective Action Counsel from communicating in any way or by any means with any Collective Action Group member after the Collective Action Group member has submitted a Consent and thereby joined the Collection Action Group.

15. Following the receipt of each Consent from a Collective Action Group member, Collective Action Counsel shall file such Consent with the Court. For any Consent to Join Collective Action filed with the Court after the expiration of the Notice Period, Collective Action Counsel shall provide a certification that said Consent was mailed or otherwise delivered before the expiration of the Notice Period.

IT IS SO ORDERED.

Dated: __January 21__, 2015.

_____
MAXINE M. CHESNEY
United States District Judge