ERIC B. KINGSLEY, Bar No. 185123
eric@kingsleykingsley.com
LIANE KATZENSTEIN LY, Bar No. 259230
liane@kingsleykingsley.com
KINGSLEY & KINGSLEY, APC
16133 Ventura Boulevard, Suite 1200
Encino, CA  91436
Telephone:  (818) 990-8300
Facsimile:  (818) 990-2903

JOSHUA M. DAVID (*Admitted Pro Hac Vice*)
jdavid@davidkampfrank.com
NICHOLAS A. NUNES (*Admitted Pro Hac Vice*)
nanunes@davidkampfrank.com
DAVID, KAMP & FRANK, L.L.C.
739 Thimble Shoals Boulevard, Suite 105
Newport News, VA 23606
Telephone:  (757) 595-4500
Facsimile:   (757) 595-6723

Attorneys for Plaintiffs
NICHOLAS SELBE, DANIEL GHYCZY,
MAKAELA O'CONNELL, and ANNIYA LOUIS,
on behalf of themselves and all others similarly
situated

*Counsel Continued on Next Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SELBE, DANIEL GHYCZY, MAKAELA O'CONNELL, and ANNIYA LOUIS on behalf of themselves and others similarly situated,<br><br>              Plaintiffs,<br><br>      v.<br><br>PEAK CAMPUS MANAGEMENT, LLC,<br><br>              Defendant. | Case No.  3:14-cv-3238-MMC<br><br>[~~PROPOSED~~] ORDER GRANTING: (1) MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; AND (2) PLAINTIFFS' AND CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, LITIGATION COSTS, AND ENHANCEMENT AWARDS |

1

2 *Continued From Previous Page:*

3 ELIZABETH STAGGS WILSON, Bar No. 183160
estaggs-wilson@littler.com
4 LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
5 Los Angeles, CA  90071
Telephone:  (213) 443-4300
6 Facsimile:  (213) 443-4299

7 SHANNON R. BOYCE, Bar No. 229041
sboyce@littler.com
8 FATEMEH MASHOUF, Bar No. 288667
fmashouf@littler.com
9 LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
10 Los Angeles, CA  90067
Telephone:  (310) 712-7304
11 Facsimile:  (310) 553-5583

12 Attorneys for Defendant
PEAK CAMPUS MANAGEMENT, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                                    **ORDER**

3          Plaintiff's unopposed Motion for Final Approval of Class and Collective Action

4    Settlement and Plaintiffs' and Class Counsel's Motion for Award of Attorneys' Fees,

5    Litigation Costs, and Enhancement Awards (the "Motions") came on regularly for

6    hearing on April 29, 2016, at 9:00 a.m., in the United States District Court for the

7    Northern District of California, the Honorable Maxine M. Chesney presiding. All

8    parties were represented by counsel.

9          Having considered the memoranda and declarations, oral arguments of counsel,

10   and the relevant statutory and case law, the Court GRANTS Plaintiff's and Class

11   Counsels' Motions and orders and finds as follows:

12         1.     The Court FINDS that no member of the Rule 23 class or the FLSA

13   collective action has objected to the settlement.

14         2.     The Court FINDS that the settlement is fair and reasonable, and,

15   therefore, the Motion for Final Approval of Class and Collective Action Settlement is

16   GRANTED.

17         2.     The Parties' proposed Stipulated Settlement Agreement of Class Action

18   Claims (the "Settlement"), which the Court preliminarily approved with certain

19   modifications as set forth in the Order Regarding Motion for Preliminary Approval of

20   Class and Collective Action Settlement (ECF No. 108), is APPROVED as so

21   modified.

22         3.     The following Class and Collective Action is finally certified for

23   settlement purposes only pursuant to Federal Rules of Civil Procedure 23 and

24   29 U.S.C. § 216(b):

25         All persons who have submitted a "Consent to Join Collective Action"
           in the instant Lawsuit prior to June 1, 2015 ("Opt-In Class Members")
26         and all individuals employed in the State of California between
           January 1, 2011 and August 1, 2014 who were employed in any of the
27         following "Covered Positions": All Star; Community Advisor;

28
     ORDER GRANTING MOTION FOR FINAL
     APPROVAL OF CLASS AND COLLECTIVE                          Case No. 3:14-cv-3238-MMC
     ACTION SETTLEMENT

1

2  Community Assistant; Leasing All-Star; Work for Rent Leasing All-
3  Star; or any combination thereof ("California Class Members")
   (collectively, "Class Members").
4

5  4.   The appointment of Plaintiffs' attorneys, Joshua M. David of
6  David, Kamp & Frank, L.L.C. and Eric B. Kingsley of Kingsley & Kingsley, APC as
7  Class Counsel is confirmed.

8  5.   The appointment of Nicholas Selbe, Daniel Ghyczy, Makaela O'Connell,
9  and Anniya Louis as Class Representatives is confirmed.

10  6.   The appointment of Simpluris as the Settlement Administrator is
11  confirmed.

12  7.   Under Federal Rules of Civil Procedure 23(h) and 54(d) and Section 216
13  of the FLSA, 29 U.S.C. § 216(b), Plaintiffs and Class Counsel have moved for an
14  award of attorneys' fees, enhancement awards, and litigation costs.

15  8.   This class action and collective action settlement resolves a wage-and-
16  hour dispute on a class-wide basis.

17  9.   The Court's December 30, 2015 Order granted preliminary approval of
18  the Settlement, pursuant to which Plaintiffs and Class Counsel requested payment
19  from the Settlement Amount of attorneys' fees of thirty percent (30%) of the
20  Settlement Amount, equating to $240,000.00, litigation costs of $24,473.43, and
21  enhancement awards for the Class Representatives totaling $24,000.00 to be allocated
22  $8,000.00, $8,000.00, $4,000.00, and $4,000.00, respectively.

23  10.  Rule 23(h) provides that, "[i]n a certified class action, the court may
24  award reasonable attorney's fees and nontaxable costs that are authorized by . . . the
25  parties' agreement." The Rule further provides that "[a] claim for an award must be
26  made by motion under Rule 54(d)(2)," notice of which must be "directed to class
27  members in a reasonable manner" and that the Court "must find the facts and state its
28  legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(1) & (3). In turn,

1

2   Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing

3   and content, including, in relevant part, "the grounds entitling the movant to the

4   award" and "the amount sought."  Fed. R. Civ. P. 54(d)(2)(B).

5           11.    All Class Members were advised of Class Counsel's request for an award

6   of fees and costs in the Court-approved Class Settlement Notices.  As directed by the

7   Court, on February 9, 2016, Plaintiffs and Class Counsel filed a separate Motion for

8   Award of Attorneys' Fees, Litigation Costs, and Enhancement Awards (ECF No.

9   110).  In the Class Settlement Notices, all Class Members were advised how to obtain

10  a copy of the Motion either from PACER or the Settlement Administrator's website

11  where the Motion is readily available.

12          12.    When "the settlement produces a common fund for the benefit of the

13  entire class, courts have discretion to employ either the lodestar method or the

14  percentage-of-recovery method" of calculating attorneys' fees awards. *In Re Bluetooth*

15  *Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

16          13.    Under the percentage-of-the-fund method, it is appropriate to base the

17  percentage calculation on the gross settlement amount. *See generally Boeing v.*

18  *Gemert*, 444 U.S. 472, 479 (1980); *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d

19  1026, 1027 (9th Cir. 1997).

20          14.    The Court adopts the percentage-of-the-fund approach here and finds that

21  the attorneys' fees and litigation costs requested are reasonable. The fee award of

22  thirty percent (30%) of the fund is within the range of reasonable percentage fee

23  awards in this Circuit.  *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d

24  1301, 1311 (9th Cir. 1990) (stating that the Ninth Circuit has historically considered

25  twenty-five percent of the common fund a "benchmark" figure for attorneys' fee

26  awards); *Knight v. Red Door Salons, Inc.*, 2009 U.S. Dist. LEXIS 11149, at *17, 2009

27  WL 248367 (N.D. Cal. 2009) (stating the exact percentage varies depending on the

28  facts of the case, and in "most common fund cases, the award exceeds that

ORDER GRANTING MOTION FOR FINAL
APPROVAL OF CLASS AND COLLECTIVE ACTION                              Case No. 3:14-cv-3238-MMC
SETTLEMENT

1

2  benchmark."); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir.

3  1989) ("Ordinarily, however, such fee awards range from 20 percent to 30 percent of

4  the fund created.").

5          15.     A lodestar cross-check reveals that the attorneys' fees requested, 30% of

6  the common fund amount, equating to $240,000.00, is substantially less than the

7  lodestar amount of $449,195.00.  The Court finds that Class Counsel's hours and

8  hourly rates are reasonable, thus, the requested fee award results in a "negative

9  multiplier" and the lodestar cross-check supports a finding that the requested

10  percentage of the fund, 30%, is both fair and reasonable.

11          16.     Litigation costs are routinely awarded in addition to attorneys' fees.  *See*

12  *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994); *Odrick v. UnionBanCal Corp.*,

13  2012 U.S. Dist. LEXIS 171413, at *17, 2012 WL 6019495 (N.D. Cal. Dec. 3, 2012);

14  *Knight v. Red Door Salons, Inc.*, 2009 U.S. Dist. LEXIS 11149, at *20 (N.D. Cal. Feb.

15  2, 2009).  Class Counsel have advanced all costs incurred in this case and request

16  reimbursement from the common settlement fund in the total amount of $24,473.43,

17  including $23,223.43 in costs incurred and $1,250 in anticipated costs.  Class Counsel

18  has provided a detailed itemization of these costs, and the Court FINDS that these

19  costs are reasonable.

20          17.     The Court has the discretion to award enhancement awards, or incentive

21  fees, to named class representatives in a class action suit. *Van Vranken v. Atl.*

22  *Richfield Co.*, 901 F.Supp. 294, 299 (N.D. Cal. 1995).   The Court FINDS that

23  enhancement awards to the Class Representatives in this case are justified.

24          18.     Accordingly, Plaintiffs' and Class Counsel's Motion for Award of

25  Attorneys' Fees, Litigation Costs, and Enhancement Awards is GRANTED.  Class

26  Counsel is awarded a fee of thirty percent (30%) of the Settlement Amount, equating

27  to $240,000.00, and litigation costs of $24,473.43.  The Class Representatives are

28  awarded total Enhancement Awards of $24,000.00, to be allocated $8,000.00 each to

Nicholas Selbe and Daniel Ghyczy and $4,000.00 each to Makaela O'Connell and Anniya Louis.

19.    The Settlement Administrator shall distribute the Settlement Amount to the Class Members, Class Counsel, the Class Representatives, and the LWDA as specified in the Settlement Agreement and this Order.

**IT IS SO ORDERED.**

Dated: April 29, 2016

_____
MAXINE M. CHESNEY
United States District Judge

ORDER GRANTING MOTION FOR FINAL
APPROVAL OF CLASS AND COLLECTIVE ACTION                     Case No. 3:14-cv-3238-MMC
SETTLEMENT